UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIMMY WILMORE,

    Petitioner,

v.                                                                       Case No. 6:14-cv-47-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner Timmy Wilmore's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a response to the petition in compliance with this Court's instructions. (Doc. 20). Petitioner filed a reply and an amended reply to the response. (Doc. Nos. 22 & 25).

Petitioner alleges four claims for relief in his petition. For the following reasons, the petition is denied.

**I.  PROCEDURAL HISTORY**

Petitioner was charged by information with aggravated battery with a deadly weapon. (Doc. 21 at 5). A jury found Petitioner guilty as charged. (Doc. 21-3 at 32). The trial court sentenced Petitioner to a fifteen-year term of imprisonment. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*. (Doc. 21-3 at 89).

Petitioner filed a petition for writ of certiorari and/or petition for writ of habeas

corpus with the Supreme Court of Florida. (Doc. 21-3 at 94). The Supreme Court of Florida treated the petition as a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure and transferred the motion to the Seventh Judicial Circuit, in and for Volusia County, Florida. (Doc. 21-4 at 30). Petitioner filed an amended Rule 3.850 motion. (Doc. 21-5 at 8). The state court struck the claims in the initial Rule 3.850 motion as facially insufficient and allowed Petitioner to file a second amended motion and stayed the first amended motion pending the filing of the second amended motion. (Doc. 21-5 at 62-63). Petitioner filed a second amended Rule 3.850 motion. (Doc. 21-5 at 71). The state court denied all of the claims raised in the first and second amended Rule 3.850 motions except one claim on which it conducted an evidentiary hearing. (Doc. 21-7 at 12-15). The state court denied the remaining claim after the evidentiary hearing. (Doc. 21-8 at 69-75). Petitioner appealed the denial of his motions. The Fifth District Court of Appeal of Florida affirmed *per curiam*. (Doc. 21-9 at 6).

## II.   LEGAL STANDARDS

### A.   Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.     Standard For Ineffective Assistance Of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III.   ANALYSIS

**A.   Claim One**

Petitioner contends that the trial court abused its discretion by limiting defense counsel's cross-examination of Michael Jozefek ("Jozefek"). In support of this claim, Petitioner asserts that counsel should have been allowed to question Jozefek regarding his probation status and attempt to defraud his insurance company in order to attack his credibility.

Petitioner raised this claim on direct appeal. (Doc. 21-3 at 59-71). The Fifth District Court of Appeal of Florida affirmed *per curiam*. *Id*. at 89.

The Confrontation Clause of the Constitution guarantees defendants the opportunity to cross-examine the witnesses against him. *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). "'[T]he exposure of a witness'[s] motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" *Sec'y, Fla. Dep't of Corr. v. Baker*, 406 F. App'x 416, 423 (11th Cir. 2010) (quoting *Van Arsdall*, 475 U.S. at 678–79). "'The partiality of a witness is subject to exploration at trial, and is always relevant as discrediting the witness and affecting the weight of his testimony.'" *Id*. (quoting *Davis v. Alaska*, 415 U.S. 308, 316 (1974)). "[A] criminal defendant states a violation of the Confrontation Clause by showing that he was prohibited from engaging

in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby 'to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness.'" *Van Arsdall*, 475 U.S. at 680 (quoting *Davis*, 415 U.S. at 318). However, "an otherwise valid conviction should not be set aside if the error was harmless beyond a reasonable doubt." *Baker*, 406 F. App'x at 423 (citing *Van Arsdall*, 475 U.S. at 684). "Whether an error was harmless depends on a variety of factors, such as the importance of the witness's testimony and the presence or absence of corroborating or contradictory evidence." *Id.* (citing *Van Arsdall*, 475 U.S. at 684).

In the instant case, it appears that the trial court erred by not allowing counsel to cross-examine Jozefek regarding his probationary status and attempt to commit insurance fraud. *See, e.g., Davis*, 415 U.S. at 317-18 (holding state court violated the defendant's right to confront witnesses by prohibiting him from cross-examining a state witness about his probationary status to show bias). Nevertheless, the error was harmless beyond a reasonable doubt.

Jozefek, Anthony Capitola's (Capitola") friend, testified that Petitioner pulled a knife from his pocket, threatened Capitola, and then took a step toward them after which Capitola hit Petitioner in the head and was then cut several times. (Doc. 21-1 at 60, 67-69, 81). Although counsel was not allowed to question Jozefek about his probationary status, the jury heard that Jozefek was a convicted felon. *Id.* at 82.

Capitola testified that Petitioner was standing in front of the bathroom door, threatened to slice him up, and pulled a knife from his pocket. *Id*. at 102; Doc. 21-2 at 1-

3. Capitola said he struck Petitioner in the head to prevent Petitioner from cutting him. *Id*.

Jozefek and Capitola's testimony was corroborated by Bobby Polson ("Polson"), a bathroom attendant who was present during the altercation. *Id.* at 85-86. Prior to the incident, Polson did not know Petitioner, Capitola, or Jozefek. *Id.* at 92. According to Polson, Petitioner started arguing with Capitola, who attempted to calm Petitioner. *Id.* at 88. Polson testified that Petitioner subsequently pulled something from his pocket and twice threatened to cut Capitola. *Id.* at 88-90, 96. Polson said that in response, Capitola punched Petitioner in the face. *Id.* at 90. Polson ran out of the bathroom when Petitioner moved away from the door and therefore did not see Petitioner cut Capitola. *Id*.

Jozefek's testimony was corroborated by two witnesses, one of whom had no reason to be partial or biased against Petitioner or had any motive to lie. There was no evidence contradicting the testimony of the State's witnesses. Thus, the evidence against Petitioner was substantial.

Furthermore, the jury heard that Jozefek had a reason to testify favorably for the State, namely his friendship with Capitola. Moreover, the jury heard that Jozefek was a convicted felon, which could be considered in determining his credibility. Consequently, the trial court's evidentiary ruling was harmless beyond a reasonable doubt based on all the foregoing facts. Accordingly, claim one is denied pursuant to Section 2254(d).

### B.     Claims Two and Four

In claim two, Petitioner asserts that counsel rendered ineffective assistance by failing to request a competency hearing. Petitioner maintains in claim four that counsel

rendered ineffective assistance by failing to notify the trial court that Petitioner was incompetent and insane.

Petitioner raised these claims in his Rule 3.850 motions. The state court denied relief pursuant to *Strickland*. (Doc. 21-7 at 13-14.) The state court reasoned that Dr. Ludvigh testified at trial that Petitioner was competent to proceed and his cognitive abilities were within the low normal range. *Id*. at 13. The state court further noted that Dr. Ludvigh evaluated Petitioner prior to trial and determined that he was not insane at the time of the offense. *Id*. at 14.

The state court's denial of this claim is neither contrary to, nor an unreasonable application of, federal law. Prior to trial, Peter Ames ("Ames"), Petitioner's attorney, retained Dr. Elek Ludvigh, a psychologist, to evaluate Petitioner's competency to proceed and sanity at the time of the offense. *See* Doc. 21 at 10-15. Dr. Ludvigh examined Petitioner and concluded that Petitioner was competent to proceed to trial and was probably sane at the time of the offense. *Id*. at 13. Additionally, Dr. Ludvigh testified at trial that Petitioner suffers from Post-Traumatic Stress Disorder ("PTSD"), which would have heightened his reaction to a perceived threat supporting a self-defense theory. (Doc. 21-1 at 8-10). Nevertheless, Dr. Ludvigh opined that Petitioner was competent and was not insane. *Id*.

Counsel clearly considered and investigated Petitioner's competency and sanity at the time of the offense. Thus, counsel was not deficient. Moreover, Petitioner has not demonstrated that prejudice resulted from counsel's performance because an expert opined that Petitioner was competent and sane. Consequently, Petitioner has not

demonstrated either deficient performance or prejudice. Accordingly, claims two and four are denied pursuant to Section 2254(d).

### C. *Claim Three*

Petitioner contends that counsel rendered ineffective assistance by failing to develop a viable defense. Specifically, Petitioner asserts that counsel prevented him from testifying to support his theory of self-defense. (Doc. 1 at 5-7). Petitioner maintains that he would have testified that he did not bring a knife to the club on the night of the incident and he had cuts on his hands after the incident. (Doc. 2 at 13-14).

Petitioner raised this claim in his Rule 3.850 motions. The state court denied the claim pursuant to *Strickland* after an evidentiary hearing. (Doc. 21-8 at 69-75). The state court reasoned that counsel developed a defense of self-defense premised on Dr. Ludvigh's diagnosis that Petitioner suffered from PTSD. *Id.* at 75. The court further determined that Petitioner agreed with the defense theory after thorough discussion with counsel. *Id.* The court reasoned that counsel advised Petitioner of his right to testify, Petitioner understood his rights, and he chose not to testify to prevent being substantially impeached. *Id.*

Petitioner has not demonstrated that the state court's denial of this claim is contrary to, or an unreasonable application of, *Strickland*. At the Rule 3.850 evidentiary hearing, Ames testified that Petitioner told him prior to trial that Capitola had the knife, attacked him, and cut Petitioner's hand with the knife and Petitioner subsequently took the knife from Capitola and cut him with it. (Doc. 21-7 at 90). Ames indicated that all of the witnesses present at the time of the incident, including Petitioner's friend Anthony

Stallings, said that Petitioner was the only person with a knife. *Id*. at 99. Ames decided with Petitioner's agreement to present a defense of self-defense premised on Petitioner's PTSD and the unrefuted evidence that Capitola hit Petitioner first. *Id*. at 91-102; Doc 21-8 at 1-4. Ames testified that he discussed with Petitioner the pros and cons of testifying, including that Petitioner had seven prior felony convictions and the jury could conclude that Petitioner was lying because everyone had testified that Petitioner was the only person with a knife. (Doc. 21-7 at 98-102). Ames said that as a result, he told Petitioner he thought it was not in his best interest to testify. *Id.* at 100. Despite his advice, Ames testified that Petitioner initially told him he wanted to testify and Ames advised the trial court accordingly. *Id*. at 100. However, Petitioner subsequently decided not to testify after the trial judge advised Petitioner of his right to testify and questioned him about his decision. *Id.*; *see also* Doc. 21-2 at 43-45 (Ames advising trial court that Petitioner wanted to testify, trial court advising Petitioner that the ultimate decision about whether to testify was his to make, and Petitioner advising the trial court he did not want to testify).

The record establishes that counsel considered the evidence, determined that a theory of self-defense premised on PTSD was the best defense, presented the defense of PTSD self-defense, and advised Petitioner of his right to testify and of the pros and cons of doing so. Counsel reasonably was concerned that Petitioner would be impeached if he testified but was prepared to call him as a witness. Petitioner knew that the final decision about whether to testify belonged to him. Therefore, Petitioner has not demonstrated that counsel's advice regarding the decision to testify was unreasonable nor has he shown that counsel prevented him from testifying.

Page **10** of **12**

Moreover, the Court notes that at the Rule 3.850 hearing, Petitioner denied ever possessing a knife on the night of the incident or stabbing Capitola. (Doc. 21-7 at 66-67, 72, 74-75). Had Petitioner testified accordingly at trial, his theory that he stabbed Capitola in self-defense would have been negated. Finally, in light of the testimony of three witnesses, one of whom had no motivation to implicate Petitioner, that Petitioner was the only person with the knife, a reasonable probability does not exist that the outcome of the trial would have been different had Petitioner testified. Consequently, Petitioner has not established deficient performance or prejudice. Accordingly, claim three is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.   CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Timmy Wilmore is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 22, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
OrlP-1
Counsel of Record
Timmy Wilmore